UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

UNITED STATES OF AMERICA )
) No. 1:06-cr-21
v. )
) *Judge Mattice*
DAVID SIMPSON )

## **MEMORANDUM**

Before the Court is Defendant David Simpson's Objections [Court Doc. No. 51] to the Report and Recommendation ("R&R") filed by United States Magistrate Judge William B. Mitchell Carter. Defendant filed his Motion to Suppress [Court Doc. No. 23] which the Court referred to Magistrate Judge Carter for the purpose of conducting an evidentiary hearing, if necessary, and making a report and recommendation pursuant to 28 U.S.C. § 636(b)(1). On September 22, 2006, Judge Carter issued his R&R [Court Doc. No. 50] and recommended that Defendant's Motion be denied.

Defendant filed his objections to the R&R within the ten-day period, arguing that the recommended ruling incorrectly concludes that the officer in question had probable cause to stop Defendant's vehicle based on the alleged traffic violation on the evening in question. It was the stop of Defendant's vehicle based on said traffic violation that resulted in the search and seizure of evidence which the Defendant now seeks to suppress.

For the following reasons, the Court will **ACCEPT** and **ADOPT IN PART** Magistrate Judge Carter's R&R and will **DENY** Defendant's Motion to Suppress.

## I. STANDARD OF REVIEW

This Court must conduct a *de novo* review of those portions of the Report and Recommendation to which an objection is made and may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

## II. FACTS

On July 26, 2006, an evidentiary hearing was held before Magistrate Judge Carter on Defendant's Motion to Suppress. Testifying for the Government at the evidentiary hearing were Officer Andy Ratcliff of the Cleveland Police Department and Wes Snyder, Chief of Police for the City of Cleveland, Tennessee. Testifying for the Defendant were Marc Lawrence, an investigator with Professional Legal Investigations; Barry Cammon, the proprietor of Advance Video Solutions, a video productions company; and the Defendant himself.

In reaching his conclusion, Magistrate Judge Carter relied principally on the testimony of Officer Ratcliff, which he credited. As the Court reads Defendant's Objections to Magistrate's Report and Recommendation, the only challenge to Magistrate Judge Carter's findings of the relevant facts relates to the credit accorded to Officer Ratcliff's testimony regarding the condition of Defendant's temporary license tag at the time of the traffic stop at issue. Specifically, Defendant argues that Officer Ratcliff's testimony that Defendant's tag appeared weathered is at odds with photographs of the tag which were introduced into evidence at the evidentiary hearing. Those photographs are part of the record and before the Court. For the reasons explained below, the Court, however, need

not determine whether the temporary tag appeared weathered and worn. Accordingly, the Court will **ACCEPT** and **ADOPT** by reference Magistrate Judge Carter's statement of Relevant Facts in his R&R (Court File No. 50, R&R 1-7).

## III. ANALYSIS

The record before the Court shows that the stop of Defendant's vehicle by Officer Ratcliff was motivated by two distinct reasons: (1) Ratcliff could not read the expiration date on the temporary tag and (2) Ratcliff believed that the temporary tag was so weathered that the tag might have been expired. With regard to the first reason, Magistrate Judge Carter credited Officer Ratcliff's testimony that the expiration date was not legible and stated that, "were this the end of the story, the defendant might prevail if this Court adopted the Fourth Circuit's approach in *United States v. Wilson*, 205 F.3d 720 (4th Cir. 2000)." Magistrate Judge Carter, however, did not state whether he was adopting the approach of the United States Court of Appeals for the Fourth Circuit in *Wilson* and did not base his R&R on this first reason. Instead, Magistrate Judge Carter proceeded to analyze the second reason: whether the weathered and worn appearance of the temporary tag constituted reasonable suspicion to believe that the temporary tag was so old that it had expired. Magistrate Judge Carter did base his R&R on this reason, concluding that "Ratcliff had a reasonable and articulable suspicion to believe that the temporary tag was so old it had expired."

In his Objections to Magistrate's Report and Recommendation, Defendant does not contest Magistrate Judge Carter's factual finding that the expiration date on the temporary tag was not legible; rather, Defendant argues only that (1) Officer Ratcliff's testimony that the temporary tag appeared weathered is contradicted by the photographs of the tag

introduced into evidence and (2) even if the temporary tag did appear weathered and worn, such observations do not amount to reasonable suspicion to make a traffic stop.

Because there were two distinct reasons for the traffic stop, the traffic stop may be upheld as proper if the Court concludes that either reason was supported by probable cause. In this instance, the Court need not address the second reason—whether the tag appeared weathered—as the Court concludes that the first reason—whether the expiration date on the temporary tag was legible—was supported by probable cause.

The relevant statute, Tennessee Code Annotated § 55-4-110(b), provides, in pertinent part, that "[e]very registration plate shall at all times be . . . in a place and position to be clearly visible and shall be maintained free from foreign materials and in a condition to be clearly legible." As noted above, Defendant does not challenge Magistrate Judge Carter's factual finding in his R&R that the expiration date on the temporary tag was not legible. Thus, the only question is whether the fact that the expiration date was not legible gave Officer Ratcliff probable cause to effectuate the traffic stop. The Court concludes that it did.

Defendant argued in his earlier briefs that *United States v. Wilson*, a Fourth Circuit case, is applicable to the instant case and dictates that the stop of Defendant's vehicle be held invalid under the Fourth Amendment. In *Wilson*, a stop of the defendant's vehicle was effectuated when the officer was unable to read the expiration date on the vehicle's temporary tag. 205 F.3d at 722. The officer did not perceive anything illegal about the tag or the operation of the car, and he stopped the vehicle solely because he could not read the handwritten expiration date in the bottom corner of the paper tag. *Id.* In concluding

that the officer did not possess probable cause for the stop, the Fourth Circuit stated as follows:

> The facts and circumstances reveal that the officer did not have a reasonable suspicion—in fact, the officer testified that he had no suspicion at all—that [the defendant] was driving without a license, operating an unregistered vehicle, or otherwise violating the law. There was nothing illegal about the operation of the vehicle, and nothing appeared illegal about the temporary tag. It was dark, and both cars were moving. Although [the officer] "could not see the written-in expiration date on the tag," that appears to have been a function of the darkness and the small space provided for writing in the date. There is no evidence that the temporary tag was illegible or in any way obliterated, smudged, or faded. There is no evidence that the tag lacked any required information, that it was improperly displayed, or that it was concealed in any way. [The defendant] was pulled over solely because [the officer] could not read the handwritten expiration date "in the bottom little corner of the paper tag" as he drove behind [the defendant] after darkness had fallen. An objective assessment of the facts and circumstances of this stop compels the conclusion that the officer lacked any articulable, reasonable suspicion that a violation had occurred. Simply put, he saw nothing wrong, and he suspected nothing.

*Id.* at 723-24 (citations omitted).

Magistrate Judge Carter concluded in his R&R that, if the issue of the legibility of the expiration date were the only issue in the case and if the Court were to adopt the reasoning of *Wilson*, then Defendant might prevail. Magistrate Judge Carter focused on the first "if": he concluded that Defendant could not prevail because the issue of the legibility of the expiration date was *not* the only issue in the case, and his analysis of the other issue resulted in the conclusion that probable cause existed. This Court instead focuses on the second "if": the Court concludes that Defendant cannot prevail because the reasoning of *Wilson* does not comport with the prior reasoning of the United States Court of Appeals for the Sixth Circuit, and the Sixth Circuit's reasoning results in the conclusion that probable

cause did exist for the stop based on the illegibility of the expiration date. Specifically, the Fourth Circuit's holding in *Wilson* is at odds with the Sixth Circuit's holding in *United States v. Dycus*, 151 F. App'x 457 (6th Cir. 2005).

In *Dycus*, the stop of the subject vehicle was effectuated when the officer could not determine whether the vehicle had a license plate. 151 F. App'x at 459. It was 1:00 a.m. when the officer first saw the subject vehicle, and all parties were in agreement that the license plate was not illuminated. *Id.* at 458, 461. When the officer accelerated to catch up to the vehicle and turned on his emergency blue lights, the officer could then, from a distance of approximately fifteen to twenty yards, read the vehicle's license plate. *Id.* at 458-49. The Sixth Circuit concluded that the evidence showed that the officer initially pursued the vehicle only because he could not determine if the vehicle had a license plate. *Id.* at 461. Although the officer could see the license plate, as illuminated by his emergency lights, once he pulled within a distance of fifteen to twenty yards, the Court concluded that the driver's failure to clearly display his license plate provided an objective basis for the officer to effectuate the stop of the vehicle. *Id.* Thus, probable cause existed for the stop. *Id.*

It is clear that the Fourth Circuit's reasoning and conclusions in *Wilson* are contrary to the Sixth Circuit's reasoning and conclusions in *Dycus*. In *Wilson*, the Fourth Circuit held that, when a stop is based solely upon the officer's inability to read the tag as a result of the darkness outside, and is not based on any suspicion that the tag is itself illegal or is being illegally maintained, the officer does not possess reasonable suspicion for a stop of the vehicle. 205 F.3d at 723-24. In contrast, in *Dycus*, the Sixth Circuit held that, when

a stop is based solely upon the officer's inability to make out the license plate due to darkness, although the officer can see the tag as illuminated by the emergency lights on his patrol car once he is closer to the vehicle, the officer possesses probable cause for the stop of the vehicle. 151 F. App'x at 461. This Court is obligated to follow the teachings of *Dycus*.

Based on *Dycus* and *Tennessee v. Matthews*, No. M200100754CCAR3DC, 2002 WL 31014842 (Tenn. Crim. App. Sept. 10, 2002), a Tennessee case interpreting Tenn. Code Ann. § 55-4-110(b), the Court concludes that § 55-4-110(b) imposes on the driver of a vehicle on Tennessee roads an obligation to ensure that the registration tag on the vehicle is clearly visible at *all* times, and that *any* invisibility or obstruction to visibility of *any portion* of the tag could constitute a violation of the statute, even if such invisibility or obstruction to visibility is temporary—or even momentary—and may be easily cured, as by the turning on of headlights or by a slight change in distance or the position of the vehicle in relation to the observer.

In citing to *Wilson*, Defendant is essentially urging the Court to focus on the fault—or lack thereof—of the defendant. This argument, however, ignores the rule clearly articulated by the Sixth Circuit that, in evaluating the propriety of a traffic stop, the proper focus of the inquiry is whether the "particular officer in fact had probable cause to believe that a traffic offense had occurred . . . ." *United States v. Ferguson*, 8 F.3d 385, 391 (6th Cir. 1993).

Thus, in the case at bar, *and for purpose of a probable cause determination,* whether the temporary tag affixed to Defendant's vehicle was in fact itself invalid or illegal,

or was in fact maintained by Defendant in an illegal fashion, is irrelevant to Officer Ratcliff's inability to clearly view all portions of the tag on the evening in question. Similarly, whether a different officer—perhaps one with better eyesight, or perceiving the license tag in question from a different angle, from a better perspective, or at a different moment in time—could have made out the expiration date on the temporary tag is irrelevant to the Court's inquiry. Here, Officer Ratcliff consistently testified that, on the evening in question, he was unable to discern the expiration date. Magistrate Judge Carter found Officer Ratcliff's testimony in this regard to be credible. Thus, the Court must conclude that such testimony established a basis for at least a reasonable suspicion that the Defendant had violated, or was violating, Tenn. Code Ann. § 55-4-110(b).

## IV.  CONCLUSION

Because Officer Ratcliff had at least a reasonable suspicion of violation of Tenn. Code Ann. § 55-4-110(b) as the basis for his stop of Defendant's vehicle on the evening in question, the search and seizure of evidence which Defendant now seeks to suppress was valid within the meaning of the Fourth Amendment to the United States Constitution. Accordingly, and for the reasons set forth herein, the Court will **ACCEPT** and **ADOPT IN PART** Magistrate Judge Carter's Report and Recommendation [Court Doc. No. 50] pursuant to 28 U.S.C. § 636(b)(1)(C), and Defendant's Motion to Suppress [Court Doc. No. 23] will be **DENIED**.

A separate order will enter.

                                    *s/ Harry S. Mattice, Jr.*
                                    HARRY S. MATTICE, JR.
                                    UNITED STATES DISTRICT JUDGE